IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RANDALL KIEF WARINER,

        Defendant.

CV 05-1024-MA
CR 00-110-MA

OPINION AND ORDER

KARIN J. IMMERGUT
United States Attorney
GARY Y. SUSSMAN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1000

    Attorneys for Plaintiff

STEVEN JACOBSON
Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR 97204-2123
(503)326-2123

    Attorney for Defendant

MARSH, Judge.

The matter before the court is defendant's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (#1, #42). For the reasons that follow, the court **DENIES** the petition.

The court has jurisdiction of this petition for collateral review of petitioner's sentence under 28 U.S.C. § 2255.

On March 1, 2000, defendant was indicted on the charge of felon in possession of a firearm in violation of 18 U.S.C. §922(g).

On August 29, 2000, defendant pled guilty to the charge.

The presentence report assigned a base level offense of 20. The report recommended a two-level enhancement because the firearm was stolen, and a four-level enhancement because the firearm was used in another felony. Finally, the report recommended a three-level reduction for acceptance of responsibility, resulting in a total offense level of 23, a criminal history category of VI, and a sentencing guideline of 92-115 months. Defendant objected to the enhancements.

On December 4, 2000, the court sentenced defendant to a term of 84 months imprisonment. The court found by clear and convincing evidence that the facts justified the imposition of the enhancements recommended in the presentence report. Because of defendant's age, and the relatively minor nature of some of

2 - OPINION AND ORDER

defendant's prior offenses, the court granted a downward departure of the criminal history category from VI to V, and sentenced defendant to the low end of the resulting range.

Petitioner now asserts his sentence is unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Blakely, 124 S. Ct. 2531 (2004), because petitioner's sentence ultimately was enhanced without any findings by a jury to support the enhancement. Defendant concedes that the success of his petition depends on the retroactive application of Booker and Blakely to cases on collateral review. After defendant filed his petition, the Ninth Circuit issued its decision in Schardt v. Payne, 414 F.3d 1025, 1037 (9th Cir. 2005), holding that the rule announced by the Supreme Court in Blakely does not apply retroactively to a conviction that was final before Blakely was announced. Defendant's conviction was final before that date.

## CONCLUSION

For these reasons, the court **DENIES** defendant's petition to vacate, set aside, or correct sentence (#1 and #42).

IT IS SO ORDERED.

DATED this 6 day of October, 2005.

                                         /s/ Malcolm F. Marsh
                                         Malcolm F. Marsh
                                         United States District Judge